PHILA THETA GOVE *v.* ELLA GOVE'S ADMR.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Appeals in Chancery—Perfection of Appeal—Motion—Necessity*
*—Evidence—Filing of Documents—Parol Evidence.*

An appeal from an order or decree in chancery, whether made in term
time or in vacation, can be taken only by filing a written motion
therefor with the clerk within twenty days from the time the order
or decree is filed with him.

'Leave of the chancellor to file a motion for an appeal in chancery is
unnecessary, except in foreclosure proceedings, and so in all other
appealable cases, the mere duly and seasonably filing of the written
motion therefor perfects the appeal, without let or hindrance from
the chancellor.

The order of the chancellor reserving an appeal to either party does
not secure an appeal, nor obviate the necessity of seasonably filing
a written motion therefor; and, if such motion is not seasonably
filed, the chancellor has no power to extend the time by granting
leave to file the appeal.

The Supreme Court is not authorized to grant an appeal in chancery
where the right has been lost through fraud, accident, or mistake.

*Quare* whether a decree can be opened after the time for recording it
is past, solely to relieve a party who has lost his appeal by fraud,
accident, or mistake, but in any event a motion to that effect must
be addressed to the discretion of the court of chancery, and not to
this Court, which sits in chancery appeals only *as a court of error.*

A paper is filed in court when it is delivered to the clerk thereof to be
kept with other papers in the same case, accompanied by the pay-
ment or tender of required fees, unless advanced payment is
waived.

The written memorandum that should be made by the clerk of the
court on a document filed with him is but evidence of the delivery
for filing, and in its absence testimony is admissible to show
that the paper was duly filed.

Where on a motion to dismiss an appeal in chancery, it appears that
the order appealed from was filed August 23, 1913; that the only
motion for an appeal in the files was filed October 10, 1913, and it
is not found, and does not appear, how that motion came to be
received by the clerk; but it is found that on August 27, 1913,
appellant's solicitor, while in the office of the clerk of the court,
threw down on the desk, on which were other papers, in ·front of
the deputy clerk seated at the desk, the original written motion
for an appeal and a copy thereof, and told the deputy "he supposed
he might as well file them then as at any time", but it could not be
found that the deputy understood what those papers were, or that
he received and filed. them, or what became of them; the written
motion in the files will be treated as a substitute, by direction of
the chancellor, for the motion first made, which was seasonably
filed, and so the appeal was seasonably taken, *Gove* v. *Dyke*, 13 Vt.
308, distinguished.

APPEAL IN CHANCERY, Windsor County. Heard at Chambers, August 23, 1913, on the pleadings and master's report.
Decree dismissing the bill with costs. The oratrix appealed.
Heard in Supreme Court on motion to dismiss oratrix's appeal. The decretal order dismissing the bill was filed Aug.
23, 1913. The motion for the appeal now in the files was received and filed by the clerk Oct. 10, 1913. The ground of the
motion is that the motion for an appeal was filed more than
twenty days after the decretal order was filed. The oratrix's
administrator filed here affidavits tending to show that a written motion for an appeal was seasonably filed with the clerk,
and a special master was appointed to find and report whether
such motion was left with the clerk as claimed by him.

The master finds that at the close of the hearing before the
chancellor the chancellor intimated that a decree would be made
dismissing the ·bill, whereupon oratrix's solicitor stated that he
wanted an appeal. The chancellor appended to the decree
the words: "An appeal is reserved to the *defendant."* Upon
receiving a copy of the decretal order the solicitor prepared a
written motion for an appeal in behalf of the oratrix. On
Aug. 27, 1913, he went to the clerk's office at Woodstock with
the original and a copy of the motion intending to file them.
He found the office in ·charge of the deputy clerk. After inspecting the decretal order the solicitor asked the deputy clerk

to write the chancellor calling his attention to the omission to reserve an appeal to the oratrix. Before leaving the clerk's office the solicitor threw down on the desk, on which were other papers, in front of the deputy clerk, seated at the desk, the original and copy of the motion for an appeal and told the deputy "he supposed he might as well file them then as at any time." He made no other request that the papers be filed.

In response to the notice from the deputy clerk the chancellor, on Aug. 30, 1913, directed the clerk to amend the decretal order by interlining after "appeal reserved to the defendant" the words, "and to the orator." Notice of this amendment was sent oratrix's solicitor Sept. 2, 1913. The master reports that he is unable to find that the deputy clerk understood what the papers were that were left on his desk, or that the deputy ever received or filed the papers, or what became of them. He reports that a careful search of the clerk's office has failed to discover the papers or any record of their being filed. There is no finding as to how the motion for an appeal placed on file Oct. 10, 1913, came to be received by the clerk.

*Davis & Davis* for the oratrix.

*William Batchelder* for the defendant.

By the Court. To take an effectual appeal from an order or decree in chancery the appealing party must procure a written motion therefor to be filed with the clerk of the court in which the cause is pending. P. S. 1307. Both term and vacation decrees in chancery are appealed from in the same way and within the same time, viz.: twenty days from the time the final decree or decretal order is filed with the clerk of the court. *West Derby* v. *Cemetery Asso.,* 69 Vt. 168, 37 Atl. 239; *Greene* v. *McDonald et al.,* 72 Vt. 258, 47 Atl. 779; *Hyde Park* v. *St. J. & L. C. R. Co.* 84 Vt. 326, 79 Atl. 873. By statute twenty days from the time the decree is made—in other words, filed with the clerk—are allowed for taking an appeal or asking for a rehearing. P. S. 1301.

Leave of the chancellor to file the motion is unnecessary, except in foreclosure proceedings. P. S. 1307. With that exception, a chancellor has no power to allow or deny an appeal from his decree. If the decree is one from which an appeal can

be taken without leave of the chancellor, the filing of the written motion within the time limited brings the case to this Court. *Smith* v. *Burton*, 67 Vt. 514, 32 Atl. 467; *Hyde Park* v. *St. J. & L. C. R. R. Co.*, 83 Vt. 562, 77 Atl. 913; *Ibid*, 84 Vt. 326, 79 Atl. 873.

The order of the chancellor reserving an appeal to either party does not operate to secure an appeal and does not relieve the necessity of filing a written motion therefor. *Gove* v. *Dyke et al.*, 14 Vt. 561. If the motion for an appeal is not seasonably filed the chancellor has no power to extend the time by granting leave to file the appeal. *Greene* v. *McDonald et al.*, 72 Vt. 258, 47 Atl. 779. The right to appeal is conferred by statute and must be exercised in the manner therein prescribed. The law does not authorize this Court to grant an appeal when the right has been lost through fraud, accident or mistake. Such power is exercised by the county court over appeals from probate courts and justices of the peace solely by virtue of statutes conferring it. Whether a decree can be opened after the time for recording it is passed, for no other reason than to permit a party who has lost an appeal by fraud, accident or mistake to have his appeal is a question we do not decide; but in any event such a motion is addressed to the discretion of the court of chancery and not to this Court, which sits in chancery appeals only as a court of error. *Hall & Bingham* v. *Lamb et al.*, 28 Vt. 85; *Porter* v. *Vaughan et al.*, 22 Vt. 269.

This having been a vacation decree the provisions for an appeal found in P. S. 1239 apply. It is there provided: "A party may, by a written motion *filed with the clerk*, appeal from such order or decree," &c. The appeal is made effective by the act of *filing* the motion therefor and paying the required entry fee. In this case no question as to the entry fee is raised by the motion to dismiss. The term "filed with the clerk," as used in this statute, does not refer to the clerk's memorandum of filing on the motion; nor is the appeal dependent upon the act, or neglect, of the clerk with reference to the disposition of the paper or making of proper docket entries.

The word "file" is derived from the Latin *filum*, signifying a thread, and its present application is evidently drawn from the ancient practice of placing papers upon a thread or wire for the more safe keeping and ready turning of the same. This practice was apparently in vogue in some counties in this

State in the early days. The origin of the term clearly indicates that the filing of a paper can only be effected by bringing it to the notice of the officer who anciently put it upon the thread or wire. Under the modern practice, the filing of a document is generally understood to consist in placing it in the proper official custody by the party charged with the duty of filing it, and the receiving of it by the officer to be kept on file. See monographic note to *Beebe* v. *Morrell*, 15 Am. St. Rep. 294. In numerous cases the rule is stated thus: "A paper is filed when it is delivered to the clerk of the court to be kept with the other papers in the same cause." *Oats* v. *State*, 153 Ind. 436, 55 N. E. 226. The filing party is entitled to the benefit of his act when he places the document in the custody and control of the proper officer for the purpose of filing, if accompanied by payment or tender of fees, when fees are required, unless advance payment is waived. *Parkhurst* v. *Pearsons et al.*, 30 Vt. 705; *Phillips* v. *Wood*, 31 Vt. 322.

The written memorandum which should be made by the clerk on the paper is but the evidence of the delivery to him for filing. While the certificate of the clerk is important as evidence of the fact, in its absence testimony may properly be received to show that the paper has been filed. *Peterson* v. *Taylor*, 15 Ga. 483, 60 Am. Dec. 705 and note.

The ruling in *Gove* v. *Dyke et al.*, 13 Vt. 308, is not controlling. That was a motion in this Court for leave to enter an appeal claimed to have been lost by the negligence of the clerk, while this is a motion to dismiss an appeal because, it is alleged, the motion therefor was not filed in time. While the written motion in the files would not be seasonable as an original motion, it may properly be treated as a substitute for the motion first made by the oratrix which was seasonably filed. If necessary to prevent a failure of justice, this Court would infer, in the absence of anything to the contrary, that the chancellor directed the substitution. The holding in *Gove* v. *Dyke et al.*, 14 Vt. 561, is consistent with this result, as there no motion for an appeal was made, at least not until after the time for making it had expired.

The facts found by the master, aided by inferences fairly to be drawn therefrom, justify the conclusion that the oratrix is entitled to an appeal.

*Motion to dismiss the appeal overruled.*