ANSELMO STEFANAZZI ET ALS. *v.* ITALIAN MUTUAL BENEFIT
SOCIETY.

May Term, 1917.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*Courts of Equity—Jurisdiction—Supervision of Affairs of Asso-*
*ciations Organized for Moral, Benevolent and Social Pur-*
*poses—Wrongful Expulsion—Property Rights—Dissolution*
*—Chancery Appeals—Record.*

The jurisdiction of a court of equity to supervise the affairs of associa-
tions organized for moral, benevolent and social purposes is limited
to the protection of the property rights of a member.

The wrongful expulsion of a member of an unincorporated association
organized for moral, benevolent and social purposes, membership
in which carries the right to receive certain benefits in case of ill-
ness or death, is the violation of a property right, and a court of
equity will decree his re-instatement.

The wrongful expulsion of a member of an unincorporated association,
organized for moral, benevolent and social purposes does not, in
and of itself, afford sufficient ground for a decree of dissolution
of the association, although the dissension and differences between
the members might become so violent and irreconcilable that a
dissolution would be decreed.

The Supreme Court sits in chancery appeals as a court of error only,
and determines from the record alone the correctness of the decree
below.

APPEAL IN CHANCERY.   Heard on bill, answer, replication
and facts found by a special master at the September Term,
1916, Washington County, *Stanton,* Chancellor.   Decree, rein-
stating plaintiff in membership in defendant society, but not dis-
solving the defendant.   Plaintiff appealed.   The opinion states
the case.

*S. Hollister Jackson* for plaintiffs.

The dissolution of the society should have been decreed.

*Lafond* v. *Deems,* 52 How. Pr. (N. Y.) 41; *Gorman* v. *Russell,* 14 Cal. 531, 18 Cal. 688, 5 C. J. 1339 and cases cited.

J. *Ward Carver* for defendant.

If the expulsion of the plaintiffs was not in accordance with the constitution of the society, their remedy is by writ of mandamus to restore them to membership. *Society* v. *Vandyke,* 2 Whart. 309, 30 Am. Dec. 263; *Com.* v. *Pike, etc. Soc'y,* 8 Watts. and S. 247; *Society* v. *Meyer,* 52 Pa. St. 131; *Com.* v. *Olliver,* 2 Pars. Sel. Cas. 426; *Industrial Trust Co.* v. *Green et al.,* 17 L. R. A. 202.

The court will not undertake to decide questions relating to the discipline of members of a society, but will leave the society free to carry out any lawful purposes in its own way, in accordance with it own rules. *Reno Lodge, etc.* v. *Grand Lodge, etc.,* 26 L. R. A. 98; *Brotherhood* v. *Greaser,* 108 Ill. App. 598; *State* v. *Grand Lodge,* 78 Mo. App. 546; *Levy* v. *Grand Lodge,* 9 Misc. 633, 30 N. Y. Supp. 885; *Stadler* v. *Brai Brith,* 5 Ohio Dec. 221; *Picar* v. *Bovolak,* (Ohio) 7 Kulp 241; *Thompson* v. *Brotherhood,* (Tex.) 91 So. 834; *Baker* v. *Forrest City Lodge,* 28 Ont. 238; *Peyre* v. *Soc'y,* 90 Cal. 240; *Stadler* v. *Dist. Grand Lodge,* 3 Am. Law. Reg. 589.

There was no cause for dissolution. *Lavalle* v. *St. Jean Batiste,* 17 R. I. 680; *Fisher* v. *Raab,* 58 How. Pr. 87; *Lafond* v. *Deems,* 81 N. Y. 507.

POWERS, J. The plaintiffs were wrongfully expelled from the defendant,—an unincorporated association organized for moral, benevolent and social purposes,—and brought this bill in chancery seeking therein re-instatement to membership, a dissolution of the society, and a distribution of its funds. They appeal from a decree in their own favor. This decree provides for their re-instatement, as members of the society and restitution to all rights and privileges incident to such membership, but it does not dissolve the society. Of this omission the plaintiffs complain.

That a court of equity has jurisdiction to supervise to some extent the affairs of associations of this character, and may, on a proper showing, even decree a dissolution, is not here denied. This jurisdiction is not, however, so extensive as in cases of cor-

porations proper, and is limited to the protection of the property rights of a member. So if a member is wrongfully expelled, a court of equity is powerless to interfere unless he is thereby deprived of a right of property. *Rigby* v. *Connol*, L. R. 14 Ch. D. 482; *Burke* v. *Roper*, 79 Ala. 138. It is plain enough that these plaintiffs' property rights were violated by their wrongful expulsion, and re-instatement was their legal right. But dissolution is another matter. Courts are reluctant to interfere with the continuance of these associations, and wrongful expulsion does not, in and of itself, afford sufficient ground for a decree of dissolution. *Burke* v. *Roper, supra; Thomas* v. *Ellmaker*, 1 Pars. Sel. Cas. (Pa.) 98; *Fisher* v. *Raab*, 57 How. Prac. (N. Y.) 87. So far as *Gorman* v. *Russell*, 14 Cal. 531, and 18 Cal. 688, relied upon by the plaintiffs, is to the contrary, it is unsound.

It is no doubt true that dissensions might become so violent and differences so irreconcilable that dissolution would be decreed. *Lafond* v. *Deems*, 52 How. Prac. (N. Y.) 41. And it is argued that so much bitterness has been engendered between the majority and minority members of this society that the plaintiffs cannot avail themselves of the decree of re-instatement without danger of disorder and violence. But the findings do not justify this claim and the evidence is not before us. We again remind counsel that in chancery appeals we sit in error, only. We take the record as we find it, and from that alone determine whether the decree below is right or wrong. We cannot say from the record before us that it so plainly appears therefrom that the internal troubles of this society are of such a serious and irreconcilable character that it cannot longer carry out the purposes of its organization or that its offence was of such a flagrant character that it has forfeited its right to exist, that the decree below was, in the respect complained of, erroneous.

The plaintiffs insist that they ought to have damages for being wrongfully deprived of their membership. But the decree is broad enough to restore them to all their rights and to enable them to share in all the benefits that have accrued during the interval since their expulsion. This is apparently all they are entitled to. If any other benefits, social or otherwise (see *Currier* v. *Catholic Order of Foresters*, 87 Vt. 83, 88 Atl. 525), have been lost by them, the findings do not show it. If, as they say in the brief, they find themselves out of pocket on account of this suit

and their decree is "*una vittoria morale, niente piu,*"—a moral victory, nothing more—they may find some measure of comfort in the suggestion that this is not an infrequent result of a law suit.

*Decree affirmed and cause remanded for such further proceedings, not inconsistent herewith, as may be required.*