UNITED STATES OF AMERICA *v.* MANUEL CANO ET UX.

October Term, 1926.

Present:  WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON,
Supr. J.

Opinion filed November 15, 1926.

*Necessity of Appeal in Chancery—G. L. 1561.*

Where no written motion for appeal from decree granting injunction
under National Prohibition Act was filed by excepting parties, or
either of them, within 20 days from decretal order, as required by
G. L. 1561 to bring case to Supreme Court for review, case re-
mains in court of chancery, and, these facts appearing on face of
papers, Supreme Court will dismiss exceptions of its own motion.

BILL IN EQUITY, brought by State's attorney of Washington
County, in the name of the United States of America, under
Title 2, National Prohibition Act (U. S. Comp. St. § 10138½ *et
seq.*). Heard on pleadings after the March Term, 1926, Wash-
ington County, *Chase,* Chancellor. To overruling of defendant's
demurrer and entering of decree according to prayer of bill, the
defendants excepted. The opinion states the case. *Exceptions
dismissed.*

*Edward C. Dufficy* for the defendants.

*Charles B. Adams,* State's attorney, and *George L. Hunt* of
counsel for the plaintiff.

STATEMENT BY CHIEF JUSTICE WATSON. The record sent up
to the Supreme Court states that this action is a bill in equity,
brought by the State's attorney of Washington County, in the
name of the United States of America, pursuant to Title 2 of
the Act of Congress, dated October 28, 1919, known as the "Na-
tional Prohibition Act," against Manuel Cano and his wife, Julia
Cano, both of the city of Barre; that the case was heard before
the chancellor (named) upon the bill, answer, and demurrer
which was incorporated in the answer; that to the overruling of

demurrer, and the entering of a decree according to the bill, defendants excepted; that the time for filing exceptions was extended thirty days; that the exceptions were allowed, decree and injunction stayed, and cause passed to the Supreme Court. This bill of exceptions was dated the 11th day of August, 1926, and signed by the chancellor as such. The decretal order, a copy of which is attached to the bill of exceptions, was dated July 27, 1926, and signed by the chancellor.

WATSON, C. J.   The decretal order, dated July 27, 1926, was final in character. No written motion for an appeal was filed by the defendants or either of them within twenty days from the date of that order, as by statute was essential to the bringing of the case to this Court for review. G. L. 1561; *Gove* v. *Gove's Admr.*, 87 Vt. 468, 89 Atl. 868; *Bragg* v. *Newton,* 98 Vt. 102, 126 Atl. 494. The case is therefore not here, but remains in the court of chancery. *Ludlow Savings Bank & Trust Co.* v. *Knight,* 91 Vt. 172, 99 Atl. 633. As this appears on the face of the papers, we dismiss the exceptions on our own motion. *Page* v. *Page's Admr.*, 91 Vt. 188, 99 Atl. 780; *Jones* v. *Stearns, Admr.*, 96 Vt. 138, 117 Atl. 663.

*Exceptions dismissed with costs.*