Fire District No. 1 of the Town of Barre *v.* The Graniteville Spring Water Company, Inc.

May Term, 1930.

Present: Powers, C. J., Slack, and Moulton, JJ., and Graham, Supr. J.

Opinion filed May 19, 1930.

512

*C. O. Granai* and *John W. Gordon* for the plaintiff.

*Deane C. Davis* and *Fred E. Gleason* for the defendant.

GRAHAM, Supr. J.   This is a proceeding in equity.   Heard below before the chancellor; findings of fact were filed and also decree dismissing the bill.   The questions here presented are raised by defendant's motion to dismiss plaintiff's appeal.   One ground of the motion is that the plaintiff did not, within twenty days from the date of the decree, file a written motion for appeal therefrom.

By statute G. L. 1561 it was essential to the bringing of the case to this Court for review that the plaintiff procure a written motion for an appeal to be filed with the clerk within twenty days from the time the final decree was filed. *United States of America* v. *Cano et ux.,* 100 Vt. 111, 135 Atl. 1; *Ludlow Savings Bank & Trust Co.* v. *Knight,* 91 Vt. 172, 99 Atl. 633; *Gove* v. *Gove's Admr.,* 87 Vt. 468, 89 Atl. 868, and cases cited.   Unless such a motion for appeal is filed in compliance with the positive terms of the statute, the case is not here, but remains in the court of chancery.   *United States of America* v. *Cano, supra; Ludlow Savings Bank & Trust Co.* v. *Knight, supra.*   Exceptions are brought up to this Court only by force of an appeal, and when the appeal fails, the exceptions fail with it.   *Essex Storage Electric Co.* v. *Victory Lumber Co.,* 93 Vt. 437, 445, 108 Atl. 426; *United States of America* v. *Cano, supra; Residents of Royalton* v. *Central Vermont Railway Co.,* 100 Vt. 443, 138 Atl. 782.   Was this statutory requirement complied with?   The facts are these:   The findings of fact were filed on September 7, 1928, and the decretal order was filed September 22, 1928.   We assume that the interim of fifteen days was allowed for the filing of exceptions to the findings under chancery rule 39.   On September 14, 1928, the plaintiff's attorney sent the clerk of the court a letter in which he said: "Inclosed is plaintiff's exceptions" (meaning exceptions to the findings of fact) "in the case of Fire District No. 1 of the Town of Barre v. Graniteville Spring Water Co., Inc.   Please file the same at once.   I also inclose a motion for appeal to be filed as

soon as you enter the decree of dismissal which the court indicated he should make.'' The exceptions to the findings and the motion for an appeal were inclosed with this letter and received by the clerk. The exceptions were filed by the clerk on September 15 and also on the same day the motion for an appeal was filed by the clerk through inadvertence and an oversight of the express directions in the attorney's letter. It was clearly the intent to have the appeal motion filed immediately after the decretal order was filed. On September 17, 1928, the clerk by letter acknowledged receipt from the plaintiff's attorney of the entry fee in Supreme Court, and therein stated: ''The case is now in Supreme Court.'' The attorney was not advised otherwise until the filing of the motion to dismiss on May 6, 1930.

In *Gove* v. *Gove's Admr.*, 87 Vt. 468, 472, 89 Atl. 868, 869, this Court said: ''Under the modern practice, the filing of a document is generally understood to consist in placing it in the proper official custody by the party charged with the duty of filing it, and the receiving of it by the officer *to be kept on file.* * * * In numerous cases the rule is stated thus: 'A paper is filed when it is delivered to the clerk of the court to be kept *with the other papers in the same cause.'* * * * The filing party is entitled to the benefit of his act when he places the document in the custody and control of the proper officer *for the purpose of filing,* if accompanied by payment or tender of fees, when fees are required, unless advance payment is waived.'' (The italics above are the writer's.)

We think in the circumstances that the statute has been substantially complied with, and that the plaintiff is entitled to an appeal. We treat the motion for an appeal as having been filed, as it was intended to be filed, on September 22, 1928, and immediately after the filing of the decretal order.

█ The plaintiff did not procure to be signed and filed a bill of exceptions, and the defendant by its motion to dismiss raises the question whether the exceptions taken to the admission and exclusion of evidence, and the schedule of exceptions filed in the court of chancery to the findings of fact, which were impliedly overruled by the adverse decree, are before this Court for review. While this question is not properly presented by the motion, we deem it advisable to state the present rule of practice.

By the revision of 1917 the provision of G. L. 1511, relating to exceptions taken on the trial before a chancellor, was adopted. That provision is: ''Exceptions taken on the trial of controverted questions of fact before a chancellor shall be available on appeal in the same manner as in county court causes tried by the court.''

This provision applies both to exceptions to the admission and exclusion of evidence and to exceptions taken and filed to the findings of the chancellor. The method there prescribed for making such exceptions available on appeal is exclusive. It follows that, for want of a bill of exceptions signed and filed as required by statute (G. L. 2258, 1609), no exception taken on the trial before the chancellor is brought up by the appeal for consideration and review. This holding is fairly to be deduced from our cases since the adoption of G. L. 1511. *Essex Storage Electric Co., Inc.* v. *Victory Lumber Co.*, 93 Vt. 437, 108 Atl. 426; *Gray* v. *Brattleboro Trust Co.*, 97 Vt. 270, 122 Atl. 670; *Raithel et ux* v. *Hall*, 99 Vt. 65, 130 Atl. 749; *Houghton* v. *Grimes*, 100 Vt. 99, 135 Atl. 15.

*Defendant's motion to dismiss the appeal is overruled.*