CITY OF NEWPORT *v.* WILLIAM C. LINDSAY.

January Term, 1933.

Present: SLACK, MOULTON, THOMPSON, and GRAHAM, JJ., and STURTEVANT, Supr. J.

202

*W. C. Lindsay, pro se,* for the defendant.

*Walter H. Cleary,* for the plaintiff.

STURTEVANT, Supr. J.   This is a suit in chancery whereby the plaintiff, city of Newport, seeks a permanent injunction, restraining the defendant, William C. Lindsay, from interfering with the possession, by the constable and collector of taxes of the city of Newport, of the room now occupied by him; from interfering with the work that the employees of the city of Newport at the city offices are doing there or may do there in the future; from interfering with the said city employees having access to the necessary records, files, and papers for the conduct of the plaintiff's business, from interfering with the work of the plaintiff's employees at the city offices as directed and authorized by plaintiff's city council; from withdrawing any further cash belonging to plaintiff for defendant's personal services; and from drawing any treasurer's warrants for the payment to the defendant of any sums of money that defendant claims

are due him from the plaintiff or which defendant claims are due from him to the employees at the plaintiff's city offices. Defendant filed an answer and cross-bill, but under the circumstances before us the contents of these papers are not material here. Such proceedings were had that a decree was entered for plaintiff in accordance with the prayer in its bill and defendant's cross-bill was dismissed. From this decree the defendant attempted to appeal to this Court, pursuant to G. L. 1561. The validity of this attempted appeal is now challenged by plaintiff upon the ground that the defendant filed no motion for appeal as required by G. L. 1561. Plaintiff also points out that no exceptions were taken to the findings of fact and no bill of exceptions has been filed.

Defendant has filed a document which he labels, "Motion for appeal—from final decretal order and permanent injunction." What this paper is must be determined from its contents, not from the label upon it. This document contains eight pages and purports to set forth what defendant claims are the material facts. In the last paragraph of this document, the defendant prays that the decree may be reversed, that the cause may be remanded for the purpose of fixing the compensation of defendant for the municipal year of 1933, and for general relief. This document contains no motion for appeal and cannot be treated as such. It bears a false title, and is addressed to this Court, not to the court of chancery for Orleans County. No motion for appeal having been filed by defendant as required by G. L. 1561 in cases of this class, this case is not before us. It remains in the court below and stands as though no appeal had been attempted. The law applicable here has been recently set forth in full, not only in one case, but in several. *Duprey et al.* v. *Harrington et al.,* 103 Vt. 274, 275, 153 Atl. 355; *United States of America* v. *Cano et ux.,* 100 Vt. 111, 112, 135 Atl. 1; *Fire District No. 1 of the Town of Barre* v. *The Graniteville Spring Water Company, Inc.,* 102 Vt. 511, 513, 150 Atl. 459. Also see other cases on this question cited in *Duprey et al.* v. *Harrington et al., supra.*

We do not consider other questions raised by plaintiff, as the case is disposed of upon grounds above considered.

*Motion granted, and attempted appeal dismissed.*