WILLIAM RICE AND ESTHER R. WOODS *v.* TOWN OF WOODSTOCK ET AL.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1942.

*Victor A. Agostini* and *Benjamin Marsicano* for plaintiffs.

*Paul A. Bourdon* and *Loren 'R. Pierce* for defendants.

JEFFORDS, J. This is a bill in equity asking a decree from the court of chancery that a certain trust fund established under

368 of Sally C. Hartwell

the will of Sally C. Hartwell be terminated and that the fund be paid over to the plaintiffs. Hearing was had, findings of fact were made and a decree was entered on March 24, 1941, dismissing the bill of complaint with costs to the defendants. The plaintiffs appealed from the decree.

No bill of exceptions has been signed and filed as required by statute so the only question before us is whether the decree is warranted by the pleadings and supported by the findings. *Stevens* v. *Flanders,* 103 Vt. 434, 154 Atl. 673; *Fire District No. 1.* v. *Graniteville Spring Water Co.,* 102 Vt. 511, 150 Atl. 459; *Burlington B. & L. Ass'n* v. *Cummings,* 111 Vt. 447, 452, 17 Atl. 2d. 319. As the reason why the fund should be paid over to them, the plaintiffs allege in their bill that they are the sole surviving heirs and next of kin of Sally C. Hartwell. The burden was on the plaintiffs having asserted the issue to prove this fact. *Packard* v. *Quesnel,* 112 Vt. 175, 178, 22 Atl. 2d. 164; *Colston* v. *Bean,* 78 Vt. 283, 62 Atl. 1015; *Holton, Adm'r* v. *Hassam,* 94 Vt. 324, 111 Atl. 389. In other words in order to give them any standing in court it was incumbent on the plaintiffs to procure an affirmative finding that they have some right or interest in and to the trust fund as such heirs and next of kin. If they have neither it is self evident that the decree was the only one which could properly be entered.

The chancellor at the start of his findings states that the plaintiffs allege that they are grandniece and grandnephew of Sally C. Hartwell and her sole surviving heirs and next of kin. The following findings are then made.

> ONE: Sally C. Hartwell of Sutton in the County of Worcester, and State of Massachusetts deceased testate in 1901. At the time of her decease she left surviving her as her only heirs at law and next of kin a nephew George A. Rice, a niece Clara A. Rice, and a niece, Marion M. Mills, wife of Mason Mills.
>
> Two: The said George A. Rice lived at Bridgewater, Vermont, and had two children by his first marriage, namely William B. Rice and Esther R. Woods, who are the plaintiffs in this action. George

A. Rice deceased in September, 1919, and at that time left surviving him a widow, his second wife, Eunice M. Rice, and the aforesaid two children by his first marriage. He deceased testate, and by his last will and testament, which was duly probated and allowed in the Probate Court for the District of Windsor, Vermont, he gave to his said two children, the plaintiffs in this case, FIVE DOLLARS EACH, and devised all the residue of his estate to his said wife Eunice M. His estate was settled in said Probate Court and decreed in accordance with said Will on October 11, 1920.

THREE: The said Marion M. Mills deceased in 1931, leaving surviving her the aforesaid husband Mason Mills, who is still alive. She had two children, namely Maud and May, who both deceased previous to her death.

FOUR: The said Clara A. Rice never married and had no children. She deceased in 1922. She left a will; nothing appeared at this hearing as to its contents, and it did not appear whether her estate had been settled or not.

The findings then show that Sally Hartwell died testate. Her will contained certain specific bequests to her nieces and nephew and Clara A. Rice was given a life estate in certain lands situated in Massachusetts. Upon her death it was provided that this property should be sold and the proceeds invested by the authorities of the town of Woodstock as a fund toward the erection of a home for indigent old ladies in that town. The will contained no residuary clause which would dispose of the real estate or the fund in question. Upon the death of Clara the real estate was sold and the proceeds turned over to the selectmen of the town. The plaintiffs claim this fund on the theory that the trust should now be terminated "because of the insufficiency of the fund and the expiration of a reasonable time for its completion." They also say that because of the limited nature of the trust that they should receive the fund as the *cy press* doctrine

does not apply. The remainder of the findings contain facts pertinent to these claims.

 The plaintiffs in support of their claim that they are the persons entitled to the fund rely solely on the fact which is to be inferred from the findings that they are the only surviving blood relatives of Sally C. Hartwell. They say that the fund should not revert to the estate of the latter but should be distributed to them as such relatives. The trouble with the plaintiffs' position is that they overlook the fact that all of their claimed rights to the fund would have come to them not directly from the testatrix but through others. The findings either disclose that the chain of such derivative rights was broken or fail to show that any rights to the fund descended to the plaintiffs.

 The rights to the fund which might have come to them from their father were cut off by his will. As to any claimed rights derived through their aunt Marion Mills it is sufficient to say that finding No. 3 does not state sufficient facts from which to ascertain whether the plaintiffs had any legal interest in her estate. Any rights that Clara Rice had in and to the fund went to the legatees named in her will and it does not appear that the plaintiffs were so named.

The many cases cited by the plaintiffs on this point show that in the event of the failure of a trust of the nature claimed by the plaintiffs in respect to the one here in issue the fund would revert to the donor or to his heirs or personal representatives. Inasmuch as the findings do not show that the plaintiffs or either of them come within either of these latter classes it is apparent that under the authority of the cases which they cite they would have no right, title or interest in and to the trust fund in the case of a failure of the trust and consequently they have no standing as plaintiffs in this case.

This holding makes it unnecessary to consider any other questions raised by the appeal and consequently we do not pass upon the same.

*Decree affirmed.*