FREDERICK KOPPER *vs.* ROBERT FULTON.

October Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

Opinion filed January 28, 1899.

*Ejectment—Construction of Contract by Conduct of Parties.*—Plaintiff and defendant, by contract under seal, agreed, the former to convey to the latter certain real estate and personal property, and the latter to convey to the former certain other real estate and to allow the plaintiff to occupy for three years, free of rent, a cottage included in the real estate which the plaintiff was to convey to the defendant. The plaintiff conveyed the real estate as agreed, and instead of occupying the cottage himself expressly permitted the defendant to do so for two of the three years, after which he demanded but was refused possession. *Held,* that the parties had by their conduct construed the deed and contract together and treated the cottage as leased to the plaintiff, and that the plaintiff might maintain ejectment whether he had transferred the personal property or not.

EJECTMENT. Trial by court at the June term, 1897, Addison county, *Munson,* J., presiding. Judgment for the plaintiff for possession and damages and costs. The defendant excepted.

*Charles F. Kingsley* for the defendant.

The relation of vendor and vendee is the one that exists between the plaintiff and defendant. Ejectment is not available in this State. This action of ejectment is founded on a mutual contract. In its legal effect it is an equitable proceeding. To maintain it, involved proof of performance, or tender of performance, or a legal excuse for the lack of the same, by the plaintiff. Only part payment has been shown. This is not enough. *Pratt* v. *Peckham,* 44 Hun. 247; *Downer* v. *Richardson,* 9 Vt. 377; *Davis* v. *Hemenway,* 27 Vt. 589; *Pitkin* v. *Burch,* 48 Vt. 521; *Mack* v. *Dailey,* 67 Vt. 90; *Hadley* v. *Havens,* 24 Vt. 520; *Norton* v. *Perkins,* 67 Vt. 206.

"Ejectment will lie to enforce a condition, but not a consideration." *Cook* v. *Trimble,* 9 Watts, (Penn.) 15; *Garver* v. *McNulty,* 39 Penn. 473; *Heacock* v. *Fly,* 14 Penn. 540; *Bortz* v. *Bortz,* 48 Penn. 386; *Perry* v. *Scott,* 51 Penn. 124.

*E. S. Marsh* and *Button & Button* for the plaintiff.

Where the terms of a written contract are equivocal, resort may be had for its interpretation to the construction put upon it by the parties, as evidenced by possession and other similar acts. *Gray* v. *Clark,* 11 Vt. 583; *Barker* v. *Troy & R. R. Co,* 27 Vt. 766.

START, J.    The action is ejectment, and the plaintiff seeks to recover the possession of a cottage, and the damages for its detention.   On the 29th day of April, 1895, the plaintiff was the owner of the cottage and the land on which it stood; and on that day the parties entered into an agreement in writing, under seal, whereby the plaintiff agreed to convey the cottage, the land on which it stood, a hotel and certain personal property, to the defendant.   The defendant agreed to convey certain real estate to the plaintiff, and, among other things, thereby agreed that he would allow the plaintiff to occupy the cottage, free of rent, for the period of three years.   The deed conveying the property was delivered pursuant to the plaintiff's agreement; and the defendant occupied the cottage during the season thereafter by permission of the plaintiff, the following season without permission, and refused to vacate the same on demand.

The plaintiff, by giving the defendant permission to occupy the cottage the first season, and the defendant, by occupying under such permission, have given a construction to the written agreement and the plaintiff's deed.   The parties having acted under such construction, and the defendant having gone into possession under a license from the plaintiff, which has terminated by its own limitation, in

determining their respective rights to the cottage, it is unnecessary to consider whether the agreement respecting personal property has been performed. The case shows, that their respective undertakings had been so far performed that the defendant went into possession by the plaintiff's permission and thereby, in effect, became the plaintiff's tenant; and that the defendant held possession after the term for which he had permission to occupy had expired, and after a surrender of the cottage had been demanded. This was all that was necessary. From this showing, it is clear that the parties understood from their written agreement and the deed that the plaintiff was entitled to the possession and control of the cottage for the term of three years from the date of the written agreement. It is also clear that the parties, in arriving at this understanding, construed the written agreement and the deed together, and, in thus construing them, gave them their legal effect; and that they acted upon such construction,— the plaintiff, by giving the defendant permission to occupy the cottage the first season, and the defendant, by going into possesion under the permission of the plaintiff and thereby becoming the plaintiff's tenant. The defendant being such tenant, cannot, under the circumstances, deny the plaintiff's right to possession at the expiration of the term for which permission to occupy was given.

Under these circumstances, the agreement and deed may, and should, be read together. When so read, it is obvious, that, under them, the defendant's right of occupancy of the cottage was suspended for the term of three years from the date of the written agreement; and that, during that term, the plaintiff was entitled to the exclusive possession and control. When we read the written agreement and deed together, and treat them as one transaction, as the parties have done, the case stands no different from what it would if the deed contained a clause reserving to the plaintiff the possession and control of the cottage for the term of three

years. While the plaintiff owned the cottage, he had the possession and control of it. When he parted with his title, he, in effect, reserved that possession and control for the term of three years; and the defendant's right to occupy the cottage, as against the plaintiff, was suspended for that term. Therefore, his right of occupancy during that term rests solely upon the plaintiff's subsequent permission that he might do so during the first season. This was a mere license to occupy, which expired by its own limitation, and when it expired the plaintiff was entitled to the possession of the cottage. The defendant's possession, after a demand for its surrender, was without right, as against the plaintiff; and the plaintiff may, under V. S. 1487, maintain his action of ejectment, and, under V. S. 1490, recover according to the right thus shown.

*Judgment affirmed.*