W. B. CLARKE *v.* G. H. MYLKES ET AL.

January Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 1, 1921.

*Landlord and Tenant—Lease—Agreement for Lease—Construction—Intention of Parties—Agreement for Lease Gives No Estate or Right of Possession—Lessee Holding Over—Tenancy at Will—Termination.*

1. Whether an instrument is a lease or only an agreement for a lease depends upon the paramount intention of the parties as collected from the whole tenor and effect of the instrument, and its form or the mere use of technical words or phrases cannot defeat such intention when manifest.

2. When a written contract is equivocal in its terms, or ambiguous, and the parties have given to it their own construction, resort may be had to such construction to get at the intention of the parties.

3. Where an instrument was ambiguous as to whether it was a lease or an agreement for a lease, but the landlord had prepared a

lease and presented it to the tenant for his signature and acceptance, and the latter refused to sign or accept it, not because he already had a lease, but because it was not according to the agreement, the instrument will be construed as an agreement for a lease.

4. A contract for a lease vests the lessee with no estate in the premises, and gives him no right of possession.

5. Where one having a contract for a lease to commence on the expiration of an existing lease obtained an assignment of the existing lease and took possession, his right of possession, if any, after the expiration of such lease, was that of a tenant holding over, subject to dispossession by the landlord at pleasure.

6. In such case, after the expiration of the lease, the lessor had the right to take possession peaceably, using no more force than was necessary to accomplish his purpose, and where he took possession of one of the demised rooms, and locked it, and refused to let the tenant enter it, he thereby terminated the tenancy as to such room, although the tenant continued in possession of the rest of the premises.

ACTION OF EJECTMENT under G. L. 2118, to recover the possession of a room over plaintiff's store and for damages. Trial by jury at the September Term, 1920, Chittenden County, *Butler*, J., presiding. At the close of all the evidence a verdict was directed for the defendants. Judgment on the verdict. The plaintiff excepted. The opinion states the case.

*Max L. Powell* for the plaintiff.

*Clarence P. Cowles, V. A. Bullard,* and *Martin S. Vilas* for the defendants.

MILES, J. This is an action of ejectment under G. L. 2118, to recover the possession of a room over the store of the plaintiff at 45 Church Street in Burlington, Vermont, and for damages. The case was tried by jury, and at the close of all the evidence the plaintiff and defendants each moved for a directed verdict in his and their favor, on the ground that there was no fact in dispute except the fair rental value of the room in question, and that all the other questions were purely questions of law. For

the purpose of having the case come to this Court so final judgment could be here rendered, the rental value of the room in question was submitted to the jury. The jury found the rental value of the room to be eighteen dollars per month. The court thereupon directed a verdict for the defendants to recover their costs, and judgment thereon was rendered.

Both parties base their motions for a directed verdict upon the following contract, with its surrounding circumstances:

"This agreement made this 25th day of January, 1915, by and between Benjamin Green of Lowell, Mass., party of the first part, and W. B. Clarke, of Cranford, N. J., party of the second part, witnesseth:

"That the party of the first part agrees to give a lease on or before May 1, 1915, to the party of the second part, of a certain store located at Burlington, Vermont, 45 Church Street, now occupied by Jarvis Music Company, situated between the Cash Combination Company's store and the Spear Martin Fur Company's store; said lease to be for a term of four years and eight months, from May 1, 1915, at a rental of seventeen hundred dollars ($1,700) per annum for the first two years and eighteen hundred dollars ($1,800) for the next two years and eight months, payable in equal monthly installments, the receipt of the first payment of $142.66 being hereby acknowledged.

"The party of the second part shall have the right or privilege to renew said lease for a further period of seven years at same rental at the expiration of the first period, provided that notice will be given by the party of the second part, in writing, to the party of the first part, one year prior to the expiration of the first period.

"The party of the second part shall have the right to sublet the said store, excepting for the purpose of conducting a five, ten or twenty-five cent store, and the party of the second part shall not have the right to connect said store with any of the adjoining stores without the consent of the party of the first part. And the party of the second part shall enjoy all the privileges contained in the lease as now enjoyed by the party of the first part, subject to the conditions of this agreement.

"In witness whereof, we have hereunto set our hands and seals this 25th day of January, 1915."

The instrument was signed by the defendant Green and the plaintiff, and sealed with their seals and witnessed by E. C. Duff.

The plaintiff claims that this instrument is a lease and describes the demanded premises, while the defendants claim it is only a contract for a lease, and does not cover the premises in question.

The court held that the instrument was not a present demise to take effect *in futuro,* but was simply an agreement to give a lease, and that the plaintiff had no rights excepting those of a tenant at will, and therefore had no right of the seizin or possession of the room in question, and could not recover in this action, and that the plaintiff's right of action, if any, was for breach of contract for failure to deliver a lease in accordance with the terms of the contract. To the direction of the verdict for the defendants and judgment thereon, and to the court's refusal to direct a verdict for the plaintiff, the plaintiff excepted.

[1, 2]  It is not always clear whether a written instrument is a lease or an agreement for a lease, and it is often difficult to distinguish between language importing an actual lease and that which amounts to no more than an agreement for a lease. The whole question resolves itself into one of construction, and an instrument is to be considered a lease, or only an agreement for a lease, according to what appears to be the paramount intention of the parties as collected from the whole tenor and effect of the instrument. Taylor's Landlord and Tenant (5th ed.) 29, par. 38; 24 Cyc. 897, par. "e"; 16 R. C. L. 553, par. 24; *Kabley* v. *Worcester Gas Light Co.,* 102 Mass. 394. The form is not decisive of its character, and the mere use of technical words or phrases which have a definite signification cannot be allowed to defeat a contrary intention of the parties if that intention is manifest from the whole contract. 24 Cyc. 898 par. "e". Where the contract is equivocal in its terms, or ambiguous, and the parties have given to it their own construction, resort may be had to such construction to get at the intention of the parties by which the contract may be construed. *Barker et al.* v. *Troy & Rutland Railroad Co.,* 27 Vt. 766, 776; *Kopper* v. *Fulton,* 71 Vt. 211; 44 Atl. 92; *White et al.* v. *Amsden,* 67 Vt. 1, 30 Atl. 972; *Vermont & Canada R. R. Co.* v. *Vermont Central R. Co. et al.,* 34 Vt. 1, 64.

[3]     There is much in the contract that supports the plaintiff's contention; but it also has much to support the defendants' claim; but it is not clear from the contract alone whether it was understood by the parties to be a contract for a lease or a lease itself; but, turning to the construction given to it by the parties themselves, their intention clearly appears.     The defendant Green prepared a lease and presented it to the plaintiff for his signature and acceptance.     The plaintiff refused to sign it or accept it, not because he already had a lease, but because the lease was not according to the agreement or contract for a lease. It is fairly inferable that, if the parties had understood that the contract was a lease, Green would not have prepared one, and the plaintiff would have declined to sign the lease presented to him by Green because he already had one.     This construction of the parties themselves makes it plain that they understood the instrument in question to be a contract for a lease, and not a lease, and we so construe it.

[4-6]     The exceptions show that at the time the contract was entered into, George D. Jarvis & Son were in possession of the demanded premises, under a lease that was to expire May 1, 1915; that the plaintiff, wishing to commence operations at once, took an assignment of their lease for the remainder of their term, and entered into possession thereof February 1, 1915; that afterwards Jarvis & Son leased from the plaintiff the room in question until May 1, 1915.     After the lease to Jarvis & Son expired, Green locked up the room and refused to let the plaintiff into it, and afterwards leased it to Mylkes, who has had the possession thereof ever since.     The rest of the tenement covered by the Jarvis & Son lease the plaintiff has continued to occupy to the present time, paying defendant Green rent stipulated in the contract for a lease.

No lease having been executed, delivered, and accepted under the contract for a lease, the plaintiff, at the time Green locked up the room, had no right of possession by virtue of the contract for a lease; for it vested him with no estate in the premises described in the contract.     16 R. C. L. 553, par. 24. Such right as he had at that time to the possession of those premises he had under the Jarvis & Son lease, and upon the expiration of that lease his right to possession, if any he had, was that of a tenant holding over, and so subject to be dispossessed

by Green at pleasure.   Green exercised that right of possession which the law gave him when he locked up the room, and thereby determined the plaintiff's tenancy at will.   The fact that the plaintiff has continued in possesseion of a part of the Jarvis tenement does not change the legal effect of Green's act in taking possession of the room in question.   He had the right to take it peaceably, as he did, and after such peaceable entry he had the right to proceed to take possession of the residue, using no more force than was necessary to accomplish his purpose.   16 R. C. L. 1178, par. 700; *Mugford* v. *Richardson*, 6 Allen (Mass.) 76, 83 A. D. 617.   He did not, however, exercise that right, but, upon the plaintiff's paying rent as stipulated in the contract for a lease, Green suffered him to remain in possession as he has. Since Green took possession of the room demanded, its possession has been either in him or Mylkes, and the plaintiff has had no right to it since.

In this holding it becomes unnecessary to consider other questions raised in the exceptions.

*Judgment affirmed.*