ERNEST L. PARKMAN *vs*. ADELE M. FREEMAN.

Cumberland.    Opinion June 5, 1922.

*In a description in a deed the following language "All my right, title and interest in*
*and to land on the easterly side of a line located as follows:" conveys grantor's*
*title only to such land or parcels of land as are contiguous to or adjoin such*
*line, and does not include land not adjoining such line, though lying*
*in an easterly direction from it, but not in any way sur-*
*veyed, specifically referred to, or described, and not*
*necessary to the accomplishment of the*
*purpose of the parties.*

In determining the construction of a deed evidence which shows the circumstances of the parties and the purpose they had in view, is admissible, not to change to any extent the words used, but the better to enable the court to understand the meaning to be attached to the language used.

The practical construction given by the parties, as an interpretation of the grant, is never admissible to throw down language which is definite and certain, nor when in violation of settled rules of construction.

Land described as on the easterly side of a certain line must be bounded by that line. "On the easterly side" of a certain line is a description that only fits a lot actually bordering the line on its easterly side.

On exceptions and general motion for new trial by defendant. This is a real action to determine title to certain real estate situate at the corner of Forest Avenue and Hartley Street, in the Deering District in Portland. Defendant pleaded the general issue and by brief statement disclaimed as to part of the premises demanded. The question involved was the construction of a deed, which in its description recites . . . . "all my right, title and interest in and to land on the easterly side of a line located as follows . . . . at right angles with Clinton Street on a course north 20 degrees 50 minutes east about 106 feet to lotted land of Martha A. Gray." Two

of the three parcels demanded adjoined the above described line on the easterly side, which were disclaimed in the brief statement, but the third parcel did not adjoin said line though lying easterly therefrom, title to which was the point in controversy.

Exceptions were taken by defendant to a ruling by the presiding Justice excluding certain testimony offered by defendant. The jury returned a verdict for plaintiff, and the defendant filed a general motion for a new trial. Motion and exceptions overruled.

The case is stated in the opinion.

*Frank H. Haskell*, for plaintiff.

*Verrill, Hale, Booth & Ives, Philip G. Clifford* and *Joseph E. F. Connolly*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, DEASY, JJ.

MORRILL, J. Real action. The case is before the Law Court upon defendant's exceptions and general motion for a new trial.

In 1900 Martha A. Gray, the plaintiff's predecessor in title, and Nathan S. Freeman, the defendant's predecessor in title, were adjoining owners of land situated on the northerly side of Clinton Street in the city of Portland; the dividing line between their properties was parallel with Forest Avenue, and located about 370 feet therefrom measured on the northerly line of Clinton Street; it made an angle of about 62°, 20′ with said street line.

In August 1900 these adjoining owners agreed to relocate the dividing line between their properties at right angles with Clinton Street; an engineer was employed who located the line which we will designate as A B, starting on the northerly line of Clinton Street 381.2 feet westerly from Forest Avenue. On August 31, 1900 they exchanged warranty deeds; Mrs. Gray conveyed to Freeman "a certain lot of land situated in said Portland and bounded and described as follows, viz.: All my right, title and interest in and to land on the easterly side of a line located as follows: beginning at a point on the northerly side line of Clinton Street and distant from the intersection of the northerly side line of said Clinton Street and the southwesterly side line of Forest Avenue westerly three hundred and eighty-one and two tenths (381.2) feet; thence at right angles with said Clinton Street on a course N. 20°, 50′ E. about one hundred and six (106) feet to lotted land of Martha A. Gray." By this deed it is conceded

that Mrs. Gray conveyed to Freeman two triangular lots of land both adjoining the line A B, one on the street front, the other in the rear, which in August of the next year Freeman sold to one Cutts as parts of a building lot.

Freeman conveyed to Mrs. Gray "a certain lot of land situated in said Portland and bounded and described as follows, viz.: All my right, title and interest in and to land on the westerly side of a line located as follows: beginning at a point on the northerly side line of Clinton Street" etc. (describing the line exactly as described in the deed from Mrs. Gray to Freeman.) By this deed it is conceded that Freeman conveyed to Mrs. Gray a triangular lot of land adjoining the line A B, which on the next day she conveyed to one Curran as part of a building lot. Mrs. Gray died in November, 1906 .and Freeman some time after July 9, 1915, the exact date not appearing.

The defendant claims, however, that Mrs. Gray's deed to Freeman also conveyed another lot of land which lies in an easterly direction from, but does not adjoin, the line A B; she describes this lot in her pleadings and disclaims all of the demanded premises except the lot so described. This lot in dispute as described in defendant's plea is of general triangular shape although its northerly line follows a fence not entirely straight in its course; the apex of the triangle is in or very near the westerly line of Forest Avenue; the southerly line runs westerly nearly at right angles to Forest Avenue about 145 feet; the westerly line is 46.5 feet long and runs northerly, at about right angles to the southerly line, to a point not in dispute; this point is the nearest part of the lot in dispute to the line A B, and is about 160 feet distant easterly from the northerly end thereof; the intervening land was owned by Freeman on August 31, 1900.

The question presented, then, is: Did the deed of Martha A. Gray to Nathan S. Freeman of August 31, 1900 convey all her right, title and interest in this triangular lot last referred to, which does not adjoin the line A B, as well as her right, title and interest in the two other triangular lots which do adjoin the line A B? This question must be answered in the negative.

Upon the defendant's theory that a latent ambiguity exists in the deed evidence was introduced at the trial, without objection, to explain the deed and to make clear the intentions of the parties by the construction which they were said to have put upon the deed. Upon the evidence so introduced, after a charge to which no exceptions

were taken, the jury returned a verdict for the plaintiff, with which we do not feel called upon to interfere, as manifestly wrong. Even upon the theory of defendant and giving all evidence introduced by her its full effect, it would have been very short-sighted on the part of Mrs. Gray to have conveyed to Freeman more of the disputed tract than is embraced in his deed to defendant dated July 9, 1915, which while carefully alluding to other deeds as sources of title, does not refer to Mrs. Gray's deed to him of August 31, 1900; Freeman had no apparent use for the small triangle northerly of and adjoining his Forest Avenue lots, and Mrs. Gray by conveying it to him would have disabled herself from doing on her Forest Avenue front the very thing which she was accomplishing on the Clinton Street front, viz.: creating rectangular building lots. The evidence does not warrant any such conclusion.

But we do not find it necessary, or consider it desirable, to place the decision of the case upon above ground alone. We regard much of the testimony as inadmissible; here there is no latent ambiguity to be explained; the matter to which the language is to be applied is free from doubt. That portion of the evidence which shows the circumstances of the parties and the purpose they had in view, is admissible, not to change to any extent the words used, but the better to enable the court to understand the meaning to be attached to the language used. *Foster* v. *Foss*, 77 Maine, 280. "The supposed intentions of the parties, even if fortified by circumstances and conditions, cannot be permitted to overcome the express language of the grant taken as a whole, and properly construed." *Whitmore* v. *Brown*, 100 Maine, 410, 413. The practical construction given by the parties, as an interpretation of the grant, is never admissible to throw down language which is definite and certain, nor when in violation of settled rules of construction. *Woolen Co.* v. *Gas Co.*, 101 Maine, 198, 213.

Thus it is clear that although Mrs. Gray in terms conveyed "a certain lot or parcel of land, situated, etc." her deed actually conveyed *two* lots each adjoining the line A B, in pursuance of the purpose of the parties to so locate the line between them to lay out rectangular building lots; and it is equally clear that the language used cannot include a third lot, not adjoining the line A B, not in any way surveyed, specifically referred to, or described, and not necessary to the accomplishment of their said purpose.

The noun, "side", is thus defined in the dictionaries: International; the margin, edge, verge, or border of a surface. New Standard; any one of the bounding lines of a surface. Century; one of the two terminal surfaces, margins or lines of an object. Hence, it is very clear that land described as on the easterly side of a certain line must be bounded by that line. "On the easterly side" of a certain line is a description that only fits a lot actually bordering the line on its easterly side. *Illinois Cent. R. Co.* v. *Baldwin,* 77 Miss., 788; 28 So. 948.

The lot in question is therefore excluded by the terms of the description contained in the deed. In view of the construction which we have placed on the language of the deed, it is unnecessary to consider the exceptions.

*Motion and exceptions overruled.*