FRANCIS A. BRAGG *v.* SOLON NEWTON.

FRANCIS A. BRAGG *v.* SOLON NEWTON ET AL. ·

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Appeal in Chancery—Necessity of Written Motion Therefor—Construction of Deeds—Purpose of Rules of Construction—Instrument Free from Doubt to Be Given Effect According to Its Terms—Practical Construction of Parties Inapplicable Where Instrument Not Ambiguous—Reservation in Deed of Wood and Timber Standing.*

1. Where plaintiff in a chancery action failed to file a written motion for appeal in accordance with G. L. 1494, his appeal in chancery is lost, and his attempted appeal will be dismissed.

2. Rules of construction for deeds are adopted for the sole purpose of removing doubts and obscurities so as to ascertain the meaning intended by the parties, hence when there is no doubt or obscurity in the instrument, there is no room for construction, and the instrument must be given effect according to its terms.

3. While the practical construction of an instrument adopted by parties, may be resorted to when its meaning is doubtful, such construction is of no force or effect when meaning of instrument is clear and obvious.

4. A reservation in a deed of "all of the wood and timber standing" on certain described land, with privilege of grantor, his heirs, executors, administrators, or assigns, to cut and remove such wood and timber "at any time we may choose," applies only to the wood and timber then standing on the property, and does not include such as might thereafter spring up and grow.

ACTION OF TORT by Francis A. Bragg against Solon Newton to recover damages for trees claimed by plaintiff and cut by defendant. The same plaintiff also brought his bill in chancery against said Newton and others to restrain defendants from further cutting of trees on the same lot and to recover damages for trees cut between bringing of suit at law and date of bill in chancery. The cases were heard at the December Term, 1923, Windsor County, on the report of referee and special master, the law case being heard by the county court, *Fish,* J., presiding, and the chancery case by *Fish,* Chancellor, resulting in a judgment and decree for defendants. The plaintiff excepted, but filed no written motion for appeal in the chancery case. The opinion states the case. *Judgment affirmed. Attempted appeal in chancery dismissed.*

*Loren Pierce* and *Paul Gilioli* for the plaintiff.

*Stickney, Sargent & Skeels* and *H. G. Tupper* for the defendant.

No written motion for appeal in chancery having been filed, the chancery case is not in the Supreme Court. G. L. 1494; *Town of Hyde Park* v. *St. J. & L. C. R. R. et al.*, 84 Vt. 326; *Green* v. *McDonald*, 72 Vt. 258; *Smith* v. *Burton*, 67 Vt. 514.

POWERS, J. [1]  In 1853, John W. Cloud owned a farm in Norwich which the defendant, Solon Newton, now occupies as tenant of the other defendants, who own it.  Cloud conveyed the farm to Caleb West by a warranty deed which contained this provision: "Reserving all the wood and timber standing on about ten acres of land at the northwest corner of the above described premises. * * * * also reserving all of the wood and timber standing on about one-half acre of land at the northeast corner of the pine grove. * * * * It is understood and agreed that I, the said Cloud, or my heirs, executors, administrators or assigns have the privilege to cut and take off the above described wood and timber at any time we may choose." The plaintiff has succeeded to whatever of Cloud's rights now remain, and the defendants have succeeded to West's rights, whatever they may be.  All the usable wood and timber on the areas described was cut prior to 1915.  In the winter of 1921-22, the defendant, Solon Newton, with the assent of the other defendants, cut and removed about forty dollars worth of logs from the areas described in the provision above referred to.  Whereupon, the plaintiff, claiming to own the lumber by force of the reservation, brought this tort action against all the defendants, and a bill in chancery to restrain further cutting, and for an accounting of the damages resulting from cutting done since the law action was brought.  Both cases were heard by a referee and master, who found and reported the facts.  A hearing on this report resulted in a judgment and decree for the defendants. The plaintiff excepted in the law action; but having failed to file a written motion therefor, he has lost his appeal in the chancery case, G. L. 1494, *Gove* v. *Gove's Admr.*, 87 Vt. 468, 89 Atl. 868, and the attempted appeal is dismissed.

[2, 3]  It is agreed that the rights of the parties are to be determined by the true meaning of the reservation above quoted.  To ascertain this, various rules of construction are called to our attention.  But it is to be remembered that the rules are adopted for the sole purpose of removing doubts and ob-

scurities so as to get at the meaning intended by the parties. When there is no doubt or obscurity, there is no room for construction. The instrument must be given effect according to its terms. *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 101 Atl. 151. So, when the meaning of an instrument is doubtful, resort may be had to the practical construction adopted by the parties. *Clark* v. *Mylkes,* 95 Vt. 460, 115 Atl. 492. But such construction is of no force or effect when its meaning is clear and obvious. *Butler Exch. Co.* v. *Fess., etc. Co.* (R. I.), 125 Atl. 360; *Parkman* v. *Freeman,* 121 Me. 341, 117 Atl. 301; *Wright* v. *Scotton* (Del.), 121 Atl. 69, 31 A. L. R. 1162; *In re Shoemaker,* 277 Pa. 424, 121 Atl. 510; *Hartness* v. *Black,* 95 Vt. 190, 114 Atl. 44.

[4] The plaintiff says that the reservation gave Cloud and his successors title to whatever wood and timber might thereafter grow on the areas described, as well as what was then standing thereon. To this we cannot assent. The reservation means just what it would mean if it read "all the wood and timber *now* standing" on the land described; it does not cover such as might thereafter spring up and grow. The plaintiff relies upon *Clapp* v. *Draper,* 4 Mass. 266, 3 A. D. 215, as supporting his contention. But that case is clearly distinguishable from this one. There the language was "all the trees and timber standing and growing on a certain tract of land forever. * * *" This distinction was pointed out in *Putnam* v. *Tuttle,* 10 Gray (Mass.) 48, wherein it was held that a deed containing the following language "excepting all the wood and trees on a certain island in above said meadow I reserve * * * *. It is to be understood that the wood above mentioned is reserved to Charles Tuttle, Jr., (grantor) and his heirs forever,"—covered only the trees standing and growing upon the island when the deed was made and not those that grew thereafter. That case is in all respects like the case in hand, though the parties are reversed. Like that case, this one reserves the wood and timber then standing with an unlimited time in which to remove the same.

In *Andrews* v. *Wade* (Pa.), 6 Atl. 48, it was held that a reservation of "all the pine and hemlock timber growing on said land" covered the trees then of suitable size for use, but not those that subsequently became such. To the same effect is *Irvin* v. *Patchin,* 164 Pa. 51, 30 Atl. 436.

Adopting the language of the court in *Putnam* v. *Tuttle, supra,* we hold that the terms of this reservation are "clear and definite" and that its meaning was correctly determined below.

*Judgment affirmed.*