Belknap,
June 27, 1946. } No. 3592.

Prout's Inc. *v.* John W. McIntyre & *a.*

*Normandin & Normandin* (*Mr. F. A. Normandin* orally), for the plaintiff.

*Harold E. Westcott* (by brief and orally), for the defendants.

BURQUE, J. There is ample evidence to support the Court's findings and rulings. The agreement was one for a lease and not a lease itself. No authority is cited by the plaintiff in support of its contention that because the agreement read: "It is understood and agreed at that time [February 1, 1943] a lease will be drawn and signed by the said lessor," it was, in accordance with the general rule, the duty of the lessor to do so. We know of no such rule, none is pointed out to us, and our effort to find one, if any such does exist, has failed. The fact that Avis Prout informed the defendants in the fall of 1942

that "next year I am going to be your tenant," and that in the spring of 1943 she came over to prepare the place for business, even though defendants might have known this, does not support plaintiff's argument "that for all intent and purpose the parties entered into the lease for which the agreement was drawn in 1937 when Mrs. Prout opened up for business in 1943," nor "that the parties concerned understood there was a tenancy existing which tenancy was the result of the agreement to lease."

There was no lease; the tenancy after the expiration of the Cobb lease under which plaintiff as a sub-lessee occupied the premises was probably a tenancy at sufferance, and at best a tenancy at will. R. L., c. 413, s. 10; *Russell* v. *Fabyan*, 34 N. H. 218, 223; *Dame* v. *Dame*, 38 N. H. 429, 434, cited with approval in *Wormood* v. *Association*, 87 N. H. 136, 138; *Clarke* v. *Mylkes*, 95 Vt. 460. There being no lease, there can be no forfeiture. *McQuesten* v. *Morgan*, 34 N. H. 400, cited by the plaintiff in support of its claim of forfeiture simply decides that where there is a lease, with a proviso that if the rent remain unpaid for thirty days after it is due, the lease shall be void, there can be no forfeiture unless payment of the rent is demanded. It does not support plaintiff's contention that the conduct of the parties resulted as a matter of law in a lease in accordance with the agreement to lease.

(2) Though the finding "that in 1943 Prout's Incorporated was insolvent" may not be supported by evidence, (*McGill* v. *Commercial Credit Co.*, 243 Fed. 637; *In re Chappell*, 113 Fed. 545; *In re Rome Planing-Mill Co.*, (N. Y.) 99 Fed. 937), the fact that plaintiff was heavily in debt, unable to pay its obligations which amounted to approximately $7,000 had no money to pay the June rent, and had no financial resources to enable it to continue in business warrants the finding that it "was unable to perform its part of the contract." Its assets consisted of the buildings on defendants' premises, and the equipment therein. An attempt to sell brought a bona fide offer of $7,000 from someone very much interested to purchase. Plaintiff however, as already seen, would not sell unless it could compromise with its creditors on a basis of fifty cents on the dollar, which it failed to accomplish, so the deal fell through.

(3) For the reasons above given, likewise was the finding "that the plaintiff's financial condition was such as to clearly show its inability to perform its part of the contract" warranted.

Plaintiff seems to take the position that it is immaterial whether it could perform its part of the contract, in other words that it is

immaterial whether it could pay the rent or not. Plaintiff argues that it was entitled to a lease as of February 1, 1943, and that irrespective of its financial condition at that time defendants were obligated to execute a lease as of that date. It may be that had plaintiff demanded a lease at that time, or at any time sufficiently in advance of June 1 before its financial condition became known to the defendants it might have been entitled to and might have secured one. We cannot be concerned with that proposition. The fact is that when the question of securing a lease definitely came up plaintiff was unable to perform its part of the agreement; viz., to pay the rent. Certainly that deprived plaintiff of its right to have the agreement consummated, and entitled defendants to rescind it. Defendants from then on, had the right to proceed to evict plaintiff when they did. The notice to quit being sufficient, eviction is in order. R. L., c. 413, ss. 2, 3; Wormood v. Association, supra.

Plaintiff excepted to the admission of evidence showing its financial condition in 1943. There was no error in this. Plaintiff's financial ability to perform its part of the agreement was a very material issue in the case, therefore evidence tending to prove the non-existence of such ability was very pertinent.

We need not consider whether the offer of payment of the rent due for 1943 two months after the notice to quit was given has any bearing on the case. No claim is advanced that it has. Nor need we consider the effect of defendants' position that a purchaser of plaintiff's property would have to be acceptable to the defendants before a lease could be procured. That was defendants' right. As a matter of fact the prospective purchaser was acceptable to the defendants, and an agreement was reached for the execution and delivery of a lease. The only reason why the deal was not consummated was plaintiff's inability to clear its property of creditors' claims thereon.

*Exceptions overruled.*

All concurred.