**Adolph Keene v. Jack E. Willis**

[260 A.2d 371]

No. 29-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Wick, Dinse & Allen,* Burlington, for Defendant.

*Downs & Rachlin,* St. Johnsbury, for Plaintiff.

**Barney, J.** ■ This case proceeded on the theory that, given a covenant to repair by the landlord, a breach entitled the tenant to recover consequential damages. Not only was this issue so charged by the trial court without objection, but the briefs and argument before this Court assumed this view of the law. Thus, as between these litigants, for purposes of review, it became the law of the case. *General Electric Credit Corp.* v. *White,* 126 Vt. 149, 151, 225 A.2d 58. Moreover, this is the theory advanced by the Restatement (Second) of Torts, sec. 357, (1965), as the one sound in concept and to be preferred, although it is not the so-called majority view. See also, *Reitmeyer* v. *Sprecher,* 431 Pa. 284, 243 A.2d 395.

The matter arose out of an unusual accident. The plaintiff-tenant rented a single-family dwelling and associated small barn from the defendant-landlord, except that part of the barn was reserved by the landlord for personal storage. During a windstorm a section of a large elm tree on the premises near the house fell onto the plaintiff's 1964 Chrysler, then only six months old. The car was parked in the driveway of the premises, just off the street. The condition of the nearly new car, after the crash, as the plaintiff put it, was, "Enough to make anybody cry." Not only was the body smashed, but even tires and wheels were crushed. The car was beyond repair.

The plaintiff recovered a verdict below, and the defendant has appealed. The first question raised relates to the failure of the trial court to grant his motions for a directed verdict, made at the end of the plaintiff's case and again at the close of

all of the evidence. As briefed, three grounds for the direction of a verdict are advanced. First, that there was no evidence of any agreement to keep the premises in repair. Second, that there was no consideration for any such agreement, if made. Third, that the plaintiff assumed the risk of injury from the tree.

■ ■ Since the jury found in favor of the plaintiff, on appeal we must view the evidence in the aspect most favorable to him. *Banker* v. *Dodge*, 126 Vt. 534, 537, 237 A.2d 121. It was the testimony of the plaintiff that the defendant agreed to make any necessary repairs to the property. It was further evidenced that the unsafe condition of the tree had been called to the defendant's attention, both by letter and on the occasion of a personal visit when it was pointed out to him. The evidence was undisputed that the defendant did have some substantial repairs made, but that nothing was done about the tree. This last, of itself, in the presence of evidence of an agreement to repair, tended to show that the conduct of the parties corroborated the existence of such an agreement. *Cray* v. *Bellows Falls Ice Co.*, 108 Vt. 190, 194, 184 A. 695. Taken all together, the evidence was sufficient to make the question of the existence and extent of an agreement to repair the premises, including the tree, a question for the jury to decide. *Beaucage* v. *Russell*, 127 Vt. 58, 60, 238 A.2d 631.

■ As to the second ground for a directed verdict, the record discloses that it was not raised below. It did come up, for the first time, in a comment made in connection with the charge as given, which will be dealt with subsequently. But it does not appear as a ground advanced in justification of a directed verdict. Since the trial court ought not to be put in error on a ground not presented to it that is not jurisdictional, at least, the question of lack of consideration is not available here as a basis for a directed verdict. *Pond* v. *Carter*, 126 Vt. 299, 301, 229 A.2d 248.

The third ground of the motion relates to assumption of the risk by the plaintiff. Under 12 V.S.A. sec. 1024, this is a matter of affirmative defense, with the burden on the defendant to establish it by a preponderance of the evidence. What he is saying here is that his evidence goes beyond that test and makes out the defense as a matter of law. The trial court took

the view the issue was for the jury, and submitted it under instructions.

The pertinent evidence on this issue indicated that the plaintiff's car could not be made to fit in the small barn, so he parked it in the driveway. This driveway came directly off the street and was thirty or thirty-five feet long. The tree was past the house, away from the street. The car was parked at the time in front of the house, in the driveway, just in off the street. The accident took place in February, with snow on the ground making street parking illegal and lawn parking impossible.

Other testimony established that the plaintiff's business related to forest products and timber harvest. The fact that that tree was diseased and defective had been known to him for about four years before the windstorm brought it down. He acknowledged that he had employees capable of taking the tree down, but said that he was never given permission by the defendant to do so. He also testified that because of the location of the tree near an adjoining house, he felt it would be risky and require insurance coverage which he did not have.

■ The question of whether the plaintiff's own conduct jeopardized his right to recover from the defendant on the basis of a promise to repair, involved the evaluation of the plaintiff's exercise of reasonable care in his own behalf, under the circumstances. This question is, here, as in the usual case, appropriate for the jury, and their determination will not be disturbed if supported by any credible evidence. *Welch* v. *Stowell*, 121 Vt. 381, 385, 159 A.2d 75. There was no error in submitting the issue to them in this case.

■ The defendant claims that there was no credible evidence upon which an award of damages could be predicated, and, on that account, the jury's verdict has no foundation. The plaintiff, as owner of the car, was of course competent to testify as to its value. 12 V.S.A. sec. 1604. On direct examination he testified that when he bought the car new, six months before the accident, he paid thirty-eight hundred dollars for it. He placed the fair market value of the car just before the accident at "thirty-two hundred or so." As to its condition after the accident, he said, "I wouldn't want to give more than five or six hundred dollars, maybe. There was a little salvage on it."

On cross-examination the plaintiff testified that the car had about 7,000 miles on it at the time of the accident.

Further, on cross-examination, although the plaintiff was firm in his opinion as to the original cost of the car, he conceded that he had no exact knowledge of the depreciated or "book" value at the time of the accident, or of the salvage value. The defendant makes much of the fact that, by questioning, he succeeded in getting the plaintiff to characterize those two values as "guesses". His further examination introduced a value after the accident of $1276.00, based on a trade for a new car.

■ The jury brought in a verdict of $1800.00, in favor of the plaintiff. Even without the values characterized as "guesses", there was sufficient evidence from which the jury could arrive at their verdict, beginning with the original cost, evidence of use and ending with the trade-in value. Moreover, the depreciated figure was given as, and stated to be, the plaintiff's opinion. Since it had in it elements of the plaintiff's knowledge and experience, it was, in fact, more than a mere "guess". It was for the jury to say what weight it deserved. *Pettingill* v. *Kelton*, 124 Vt. 472, 474, 207 A.2d 245. This issue was also properly for the jury's determination.

The final issue raised by the defendant relates to a claimed shortage in the court's charge. It is the position of the defendant that it was for the jury to decide whether or not the claimed agreement to repair, if found by them, was supported by consideration. To this end, the defendant, feeling that the point had not been covered, at the close of the charge, requested orally, "(T)hat the Court charge a law as to the consideration for which a covenant and agreement is given. They must find a consideration before they can find any agreement." Rule 29 of the County Court Rules, requiring requests to be in writing, was not complied with. No such supplemental charge was given, and the defendant claims error.

■ Overlooking the failure to comply with the rule, and going to the question of the necessity of a charge as to consideration, we do not find error. The uncontroverted evidence confirmed that the plaintiff rented on a tenancy from month to month. The continuance of such a tenancy was sufficient con-

sideration at law to support the agreement to repair, if the jury found that it existed. *Watkins* v. *Feinberg,* 128 N.J.L. 79, 24 A.2d 198, 199; aff'm'd 129 N.J.L. 386, 30 A.2d 27; *Sacks* v. *Pleasant,* 253 Md. 40, 251 A.2d 858, 862. With this legal support uncontrovertedly in the case, it was not an issue for the jury's concern, and required no special instruction.

*Judgment affirmed.*