# Claude G. Dern Electric, Inc. v. Maxine Bernstein

[479 A.2d 136]

No. 83-018

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 25, 1984

*Rhys Evans*, Manchester Center, for Plaintiff-Appellee.

*Putter and Unger Associates*, Montpelier, and *Charles R. Eichel*, Manchester Center, for Defendant-Appellant.

**Gibson, J.** This appeal, after trial by jury in Bennington Superior Court, arises from a contract dispute involving the construction of defendant's residence. Plaintiff is a building contractor who seeks $10,912.57 that he alleges is the outstanding balance for time and materials owed. Defendant counterclaimed, alleging damages for unfinished and defective construction. The jury returned a verdict in the full amount sought by plaintiff and found no liability on the counterclaim.

On appeal, defendant presents essentially two claims: (1) that plaintiff's liability on the counterclaim was admitted prior to trial because plaintiff failed to answer the counterclaim, and (2) that the verdict in favor of plaintiff was unsupported by the evidence and contrary to the court's instructions. We affirm the judgment of the superior court.

The parties initially entered into a written contract whereby plaintiff agreed to construct a home for defendant for the sum of $60,000. However, plaintiff contends the original contract was abandoned and the parties agreed to a "time and materials" arrangement whereby defendant would pay on an hourly basis for labor and for the cost of materials used. The original design was constantly altered during the process of construction, and plaintiff claims much of the additional cost for the project was due to these design changes and to "extras," such as hand-hewed timbers, a larger kitchen and bedroom, an additional door, larger windows, more kitchen cabinetry, bookcases and the underground burial of electrical service lines;

defendant maintains that many of the extras were merely trade-offs for items never built but included in the original plans. After construction commenced, defendant decided to contract directly for certain work such as site preparation, masonry and plumbing rather than have plaintiff subcontract for these services. The payment schedule specified in the contract was similarly disregarded by the parties. Defendant has paid $61,044.60 to plaintiff who claims that an additional $10,912.57 remains unpaid for his labor and materials.

After plaintiff instituted this suit, defendant filed a counterclaim alleging plaintiff breached the contract between the parties because the cost exceeded the contract amount, the house was constructed in an unworkmanlike manner, and plaintiff deliberately failed to complete the heating system. Defendant claims she discovered various problems and defects in the construction of the house upon assuming residence. These included several leaks in walls, roof and foundation, an absence of attic louvers, an inoperative and inadequate heating system as well as various other problems.

The first issue is whether plaintiff's failure to answer defendant's counterclaim results in a judicial admission thereby establishing plaintiff's liability on the counterclaim.

Vermont Rule of Civil Procedure 8(d) provides that:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.

V.R.C.P. 7(a) mandates that "[t]here shall be . . . a reply to a counterclaim denominated as such . . . ." This reply must be made within twenty days. V.R.C.P. 12(a).

Defendant's counterclaims were clearly "denominated as such" and were not responded to as required by Rule 7(a). The absence of the required reply, however, was never brought to the trial court's attention at any point before, during or after the proceeding. Evidence pertaining to the counterclaim was received at trial and was a subject of both counsel's closing arguments to the jury. An instruction pertaining to the counterclaim was also included within the court's charge to the jury. It appears that defendant makes this argument for the first time on appeal.

██ "There is no doubt but that allegations in a counterclaim well pleaded may be taken as admitted if no answer is filed." *Stephan* v. *Lynch,* 136 Vt. 226, 228, 388 A.2d 376, 378 (1978). The issue of default, however, must be presented to the trial court. In *Stephan,* as here, the case went to hearing on all substantive issues including the counterclaim, and the failure to reply was never raised below; the Court held the default was not preserved for review. *Id.* at 229, 388 A.2d at 378. Plaintiff's default herein has likewise not been preserved for our review. *Id.*

Secondly, defendant argues the jury's verdict is without supporting evidence and the jury disregarded the testimony and charge of the trial court.

██ A jury verdict will be sustained by this Court where the record "discloses a sufficient evidentiary basis." *Girroir* v. *Carpenter,* 136 Vt. 290, 292, 388 A.2d 831, 833 (1978). In fact, if the verdict is justified by "any reasonable view of the evidence, it must stand." *Crawford* v. *State Highway Board,* 130 Vt. 18, 25, 285 A.2d 760, 764 (1971). Defendant has the burden of proving reversible error, and the record will be construed in favor of the prevailing party. *Keene* v. *Willis,* 128 Vt. 187, 189, 260 A.2d 371, 372 (1969).

██ There is ample evidence in the record to support the jury's verdict in favor of plaintiff. Evidence was introduced showing that both parties understood the construction was proceeding on a time and materials basis rather than under the original terms of the written contract. Expert testimony introduced by defendant for the purpose of substantiating her counterclaim tended to show, instead, that the house was well built and that there was no diminishment in its value due to the alleged defects.

██ Defendant also argues that the jury disregarded both the testimony of witnesses as well as the trial court's instructions. We disagree. It is the jury's prerogative to weigh the testimony and to choose the evidence it finds persuasive. *Currier* v. *Letourneau,* 135 Vt. 196, 199, 373 A.2d 521, 524 (1977). The credibility of witnesses, even expert witnesses, is a matter for the trier of fact. *Hall* v. *Miller,* 143 Vt. 135,

145, 465 A.2d 222, 227 (1983). No error arises merely because the jury accepted one side's proof over that of the other. See *id.*

There is also no evidence that the jury disregarded the court's instructions. The court charged that:

> If you find that Mr. Dern's work was performed defectively or that he did not complete it, you may award Mrs. Bernstein what she has spent or will have to spend in 1979 or 80 to correct or replace substandard work.

It is apparent that the jury did not find plaintiff's work to be either defective or incomplete in light of the parties' agreement. It is presumed that the jury has followed the instructions of the trial court, *State* v. *Fisher,* 134 Vt. 339, 341, 360 A.2d 102, 104 (1976), and we find no error in this regard.

*Affirmed.*